UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE CRAWLEY,

                Plaintiff,

       v.                                  5:17-CV-1389

CITY OF SYRACUSE; POLICE OFFICER
VALLON SMITH, In his Individual Capacity;
CHIEF OF POLICE FRANK FOWLER, In
his Individual Capacity; and DOES 1-200,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF BONNER & BONNER      A. CABRAL BONNER, ESQ.
Attorneys for Plaintiff                      CHARLES A. BONNER, ESQ.
475 Gate 5 Road, Suite 212
Sausalito, CA 94965

HANCOCK ESTABROOK, LLP              JOHN G. POWERS, ESQ.
Attorneys for Defendants
1500 AXA Tower I
100 Madison Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

       Plaintiff Maurice Crawley ("plaintiff" or "Crawley") filed this civil rights action seeking

compensatory and punitive damages, as well as declaratory relief for injuries he sustained on

July 28, 2016, when a Syracuse police officer forcibly arrested him.  Plaintiff's operative complaint asserts claims against Syracuse Police Officer Vallon Smith ("Officer Smith"), Syracuse Chief of Police Frank Fowler ("Chief Fowler"), as well as the City of Syracuse ("the City"), and Does 1-200 (collectively "defendants") alleging federal and state law violations of his civil rights.  Crawley asserts 42 U.S.C. § 1983 claims for excessive force, false arrest, false imprisonment, and assault and battery against the individual defendants, as well as a claim pursuant to Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) against the City.  Plaintiff also asserts state law claims for false imprisonment and assault.

Defendants moved to dismiss several of plaintiffs claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim.  They also moved for a more definite statement or, in the alternative, to strike part of plaintiff's complaint under Rule 12(e) and (f), respectively.  Finally defendants move to bifurcate and stay discovery on plaintiff's Monell claim.  Plaintiff opposed the motions and defendants replied.  The motions were fully briefed and oral argument was held on July 31, 2018 in Utica, New York.  Decision was reserved.

## II. BACKGROUND

The following facts are drawn from the nine count complaint.  For purposes of the motion to dismiss, plaintiff's facts are taken as true.  The incident giving rise to this claim was captured on video; the internet link to the video is included in the complaint. On July 28, 2016, Officer Smith conducted a traffic stop in Syracuse.  At the time, Crawley was sitting on his bicycle across the street from the stop and recorded the incident.  Officer Smith yelled to plaintiff "say one word and your ass is going to jail, just so you know."  Plaintiff responded that he could not hear him.  Officer Smith approached Crawley and yelled "come here!" Plaintiff replied, "what are you doing officer? I didn't hear you."  Defendant then demanded

"give me your hand—turn around!" He then pulled Crawley off his bicycle, slammed him to the ground, and struck him on both sides of his head, face, and body. Officer Smith then said "don't fucking move, you understand me? I am going to fuck you up!" He continued to hit plaintiff in the face. Crawley yelled "I've got a defibrillator!" to which Smith replied "I don't give a fuck what you got! I told you to stop fucking coming around here." Officer Smith then hit plaintiff six or seven more times.

Crawley was arrested as a result of the incident. He was charged with Obstructing Governmental Administration in the Second Degree and Resisting Arrest. He was arraigned the following day, on July 29, 2016. He was ultimately convicted, on June 27, 2017, after a trial, of Harassment in the Second Degree.

### III. **LEGAL STANDARD**

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007)). "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(A)(2), more than mere conclusions are required." Id. "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." Morris v. N.Y. State Police, 268 F. Supp. 3d 342, 359 (N.D.N.Y. 2017) (quoting Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014)). "In making this determination, a court generally confines itself to the 'facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" Id. (quoting Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016)).

## IV. DISCUSSION

Defendants move to dismiss all of Crawley's claims, except the § 1983 excessive force claim against Officer Smith, and the Monell claim against the City. They further request that plaintiff be required to replead his remaining claims and that the remaining claims be bifurcated.

### A. Motion under 12(b)(6)

### 1. Statute of Limitations

Defendants contend plaintiff's state law claims are barred by the statute of limitations. Plaintiff argues his claims are timely because the statute of limitations was equitably tolled until the culmination of his criminal proceedings on June 27, 2017.

Under New York law, "the statute of limitations for any state claims (against municipalities) for tortious conduct . . . is one year and ninety days. . ." Penree v. City of Utica, 2016 WL 915252, at *6 (N.D.N.Y. Mar. 4, 2016). A cause of action for assault accrues at the time of the assault. Williams v. CVS Pharmacy, Inc., 126 A.D.3d 890, 891 (N.Y. App.

Div. 2d Dep't 2015). A cause of action based on false arrest accrues upon the subject's release from confinement. Id.

The Supreme Court has found that "reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is . . . arraigned on charges." Wallace v. Kato, 549 U.S. 384, 389 (2007). The assault at issue took place on July 28, 2016 and Crawley was arraigned the following day, on July 29, 2016. Therefore plaintiff had until October 26 and 27, 2017 respectively, to bring his state law assault and false arrest claims. He failed to bring suit until December 28, 2017.

As a result, the state law claims are time-barred. Plaintiff's state law assault and false arrest claims will be dismissed.

### 2. **Impact of Plaintiff's Conviction**

Defendants argue Crawley cannot maintain his federal false arrest and false imprisonment claims because he was ultimately convicted of the underlying offense. Plaintiff contends that such claims are not automatically foreclosed where a plaintiff pleads guilty or is convicted of an offense other than the ones initially charged. In fact, Crawley contends that his June 27, 2017 conviction for Harassment in the Second Degree had nothing to do with the events that occured on July 28, 2016 and which led to his arrest for Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

Under New York law, the existence of probable cause is an absolute defense to a false arrest or false imprisonment claim. Jaegly v. Couch, 439 F.3d 149, 151–52 (2d Cir. 2006). A conviction is conclusive evidence that probable cause existed for an arrest even if the conviction is the result of a guilty plea to or conviction of a lesser charge than that for

which plaintiff was arrested. Hope v. City of New York, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010).

In Devenpeck v. Alford, 543 U.S. 146, 153 (2004), "[t]he [Supreme] Court rejected the view that probable cause to arrest must be predicated upon the offense invoked by the arresting officer, or even upon an offense "closely related" to the offense invoked by the arresting officer, and stated that the "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Jaegly, 439 F.3d at 153. "[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. Id. at 154. The Second Circuit further explained:

> Stated differently, when faced with a claim for false arrest, we focus on the validity of the arrest, and not on the validity of each charge. Because the arresting officer in this case had probable cause to arrest Jaegly for the charged crime of second degree harassment, however, we need not consider whether probable cause existed for an uncharged crime.

Id.

Similarly, plaintiff's conviction for Harassment in the Second Degree is conclusive evidence that Officer Smith had probable cause to arrest Crawley. See Hope, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010). Moreover, Crawley's Certificate of Disposition demonstrates that the July 28, 2016 charges of Obstructing Governmental Administration in the Second Degree and Resisting Arrest were dismissed in the "Interests/Furtherance of Justice," which does not change the analysis. See, e.g., Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir.1995) (holding that arrest was supported by probable cause even when the charge was dismissed in the interests of justice). Further, the Certificate of Disposition

establishes that plaintiff's June 27, 2017 conviction date for Harassment in the Second Degree is the result of a July 28, 2016 incident date.

Accordingly, plaintiff's false arrest and false imprisonment claims are foreclosed and will be dismissed.

### 3. **Federal Assault and Battery Claim**

Defendants contend plaintiff's § 1983 assault and battery claim is redundant with his excessive force claim. Plaintiff appears to concede this argument. In any event, courts routinely find that a federal assault and battery claim is duplicative of a § 1983 excessive force claim. See Raymond v. Bunch, 136 F. Supp. 2d 71, 81 (N.D.N.Y. 2001).

Thus, Crawley's § 1983 assault and battery claim will be dismissed.

### C. **Motions under 12(e) and 12(f)**

Defendants also contend Crawley should be required to re-plead because "entire swaths of the pleading are devoid of any factual averment." Plaintiff argues that he has more than sufficiently complied with Rule 8 and the federal pleading requirements do not require such an unduly restrictive reading, as defendants urge.

"A motion for a more definite statement under Fed. R. Civ. P. 12(e) is intended to address unintelligibility, rather than a lack of detail . . . ." Caldor, Inc. v. Laser Computers, Inc., 1993 WL 298971, at *1 (D. Conn. June 29, 1993). The complaint lays out the parties, facts, and legal claims against the defendants. Defendants are on notice as to the facts giving rise to plaintiff's claims and have been provided sufficient information on which to submit an answer.

Accordingly, the motions for a more definite statement or to strike will be denied.

### D. **Motion to Bifurcate and Stay Discovery**

Finally, defendants move for bifurcation and a stay of discovery on plaintiff's Monell claim. Plaintiff contends that the court can reasonably address defendants' concerns through other, less stringent means and that he would be prejudiced by bifurcation and a stay.

Bifurcation is the exception rather than the rule. Dallas v. Goldberg, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001). There are insufficient reasons to justify bifurcation or a stay of discovery on the Monell claim and the requests will be denied.

## V. **CONCLUSION**

Accordingly, defendants' Rule 12(b)(6) motion to dismiss will be granted. Plaintiff's § 1983 false arrest, false imprisonment, assault and battery, and plaintiff's state law false imprisonment and assault claims will be dismissed. Defendants' motions under Rule 12(e), 12(f), to bifurcate, and/or stay will be denied. Defendants are directed to file an answer to the remaining claims, the § 1983 excessive force claim against Officer Smith and the Monell claim against the City, on or before August 23, 2018.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED;

2. Plaintiff's 42 U.S.C. § 1983 claims for false arrest, false imprisonment, and assault and battery are DISMISSED;

3. Plaintiff's state law claims for false imprisonment and assault are DISMISSED;

4. Defendants' motion for a more definitive statement pursuant Federal Rule of Civil Procedure 12(e) is DENIED;

5. Defendants' motion to strike portions of the complaint pursuant Federal Rule of Civil Procedure 12(f) is DENIED;

6. Defendants' motion to bifurcate and stay the 42 U.S.C. §1983 claim against the City of Syracuse pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978) is DENIED; and

7. Defendants are directed to answer the complaint on or before August 23, 2018.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 3, 2018
      Utica, New York.