UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MAURICE CRAWLEY,

                              Plaintiff,

VS.

CITY OF SYRACUSE, POLICE OFFICER VALLON SMITH, in his individual capacity; CHIEF OF POLICE FRANK FOWLER, in his individual capacity; and DOES 1-200,

                              Defendants.

Civil Action No.: 5:17-cv-1389 (DNH/TWD)

## ANSWER TO THE COMPLAINT

Defendants City of Syracuse, Police Officer Vallon Smith and Chief of Police Frank Fowler (collectively referred to as "Defendants") as their answer to Plaintiff Maurice Crawley's (hereinafter referred to as "Plaintiff") Complaint (the "Complaint") states as follows:

## PARTIES

1. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations set forth in Paragraph "1" of the Complaint.

2. Defendants ADMIT the truth of the allegations set forth in Paragraph "2" of the Complaint.

3. Defendants ADMIT the truth of the allegations set forth in Paragraph "3" of the Complaint.

## DOE DEFENDANTS

4. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations set forth in Paragraph "4" of the Complaint.

## RESPONDEAT SUPERIOR

5. Paragraph "5" of the Complaint need not be answered because it asserts a legal conclusion relative to his state law claims that have been dismissed after the Court's Memorandum Decision and Order, *see* Dkt. No. 34, accordingly, no response is required.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Paragraph "6" of the Complaint need not be answered because it asserts a legal conclusion relative to his state law claims that have been dismissed after the Court's Memorandum Decision and Order, *see* Dkt. No. 34; however, to the extent that a response is required, Defendants DENY the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Paragraph "7" of the Complaint need not be answered because it merely purports to quote language from 42 U.S.C. § 1983; Defendants further state that 42 U.S.C. § 1983 speaks for itself and that its interpretation is a question of law for the Court.

8. Paragraph "8" of the Complaint need not be answered because it asserts a legal conclusion relative to Plaintiff's state law claims that have been dismissed after the Court's Memorandum Decision and Order, *see* Dkt. No. 34; however, to the extent that a response is required, Defendants DENY the truth of the allegations set forth in Paragraph "8" of the Complaint.

## JURISDICTION

9. Paragraph "9" of the Complaint need not be answered because it asserts a legal conclusion relative to this Court's jurisdiction.

## VENUE

10.     Paragraph "10" of the Complaint need not be answered because it asserts a legal conclusion relative to the venue of this action.

## STATEMENT OF FACTS

11.     Defendants ADMIT that they are aware that a video exists depicting Officer Vallon Smith conducting a traffic stop on Thursday, July 28, 2016 and state that the video speaks for itself as to its content. Defendants DENY the truth of the remaining allegations contained in Paragraph "11" of the Complaint.

12.     Defendants ADMIT that they are aware that a video depicting Officer Vallon Smith exists conducting a traffic stop on Thursday, July 28, 2016 and state that the video speaks for itself as to its content. Defendants DENY the truth of the remaining allegations contained in Paragraph "12" of the Complaint.

13.     Defendants ADMIT that they are aware that a video depicting Officer Vallon Smith exists conducting a traffic stop on Thursday, July 28, 2016 and state that the video speaks for itself as to its content. Defendants DENY the truth of the remaining allegations contained in Paragraph "13" of the Complaint.

14.     Defendants DENY that Officer Vallon Smith perjured any testimony and DENY the truth of the allegations contained in Paragraph "14" of the Complaint. However, Defendants ADMIT there was an arrest report generated as a result of this incident and that to the extent that Paragraph "14" purports contain quoted excerpts from the report related to Mr. Crawley's arrest, Defendants state that the report speaks for itself as to its contents and should be read in its entirety for proper context.

15.     Paragraph "15" of the Complaint purports to be an excerpt from the transcript of Plaintiff's criminal trial. Defendants ADMIT that Officer Vallon Smith testified at Plaintiff's trial, DENY the completeness of, and therefore the accuracy of, the quoted excerpt and state that the transcript otherwise speaks for itself as to its contents.

16.     Paragraph "16" of the Complaint purports to quote incompletely from a letter Plaintiff received from the Citizen Review Board of Syracuse. Defendants state that the letter speaks for itself as to its contents. Defendants further DENY the truth of the allegations contained in Paragraph "16" to the extent that Plaintiff is asserting the contents of the letter are factual allegation in this lawsuit.

17.     Defendants DENY the truth of the allegations contained in Paragraph "17" of the Complaint.

18.     Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations set forth in Paragraph "18" of the Complaint.

## FIRST CAUSE OF ACTION

19.     Defendants repeat and incorporate their answers to the allegations in all of the foregoing paragraphs.

20.     Paragraph "20" of the Complaint need not be answered because it asserts a legal conclusion and purports only to quote an excerpt from 42 U.S.C. § 1983; Defendants further state that 42 U.S.C. § 1983 speaks for itself and that its interpretation is a question of law for the Court..

21.     Paragraph "21" of the Complaint contains no allegations of fact but is rather legal argument and case citation—information inappropriately pleaded in the body of a Complaint. Accordingly, Defendants need not answer Paragraph "21"; however, to the extent that an answer

is required, Defendants DENY that the content of Paragraph "21" of the Complaint fully states the law relative to the Fourth Amendment's application to the use of force incident to an arrest.

22. Defendants DENY the truth of the allegations contained in Paragraph "22" of the Complaint.

## SECOND CAUSE OF ACTION

23. Defendants DENY the truth of the allegations contained in Paragraph "23" of the Complaint.

24. Paragraph "24" of the Complaint contains no allegations of fact but is rather legal argument and case citation—information inappropriately pled in the body of a Complaint. Accordingly, Defendants need not answer Paragraph "24"; however, to the extent that an answer is required, Defendants DENY that the content of Paragraph "24" of the Complaint fully states the law regarding municipal liability under 42 U.S.C. § 1983.

25. Paragraph "25" of the Complaint contains no allegations of fact but is rather legal argument and case citation—information inappropriately pled in the body of a Complaint. Accordingly, Defendants need not answer Paragraph "25"; however, to the extent that an answer is required, Defendants DENY that the content of Paragraph "25" of the Complaint fully states the law regarding municipal liability under 42 U.S.C. § 1983.

26. Defendants DENY the truth of the allegations contained in Paragraph "26" of the Complaint.

27. Defendants DENY the truth of the allegations contained in Paragraph "27" of the Complaint.

28. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations contained in Paragraph "28" of the Complaint.

29. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations contained in Paragraph "29" of the Complaint.

30. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations contained in Paragraph "30" of the Complaint.

31. Defendants ADMIT that Chief Fowler is the final decision maker on disciplinary matters in the Syracuse Police Department. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "31" of the Complaint.

32. Defendants DENY the truth of the allegations contained in Paragraph "32" of the Complaint.

    a. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph "32a" of the Complaint.

    b. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations contained in Paragraph "32b" of the Complaint.

    c. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations contained in Paragraph "32c" of the Complaint.

    d. Defendants DENY KNOWLEDGE OR INFORMATION sufficient to form a belief about the truth of the allegations contained in Paragraph "32d" of the Complaint.

      e.    Defendants ADMIT that Alonzo and Stephanie Grant have commenced a federal lawsuit against the City of Syracuse, Chief of Police Frank Fowler, and certain City of Syracuse police officers alleging a various claims including violation of their constitutional rights.  Defendants DENY the validity of the claims and otherwise DENY truth of the remaining allegations contained in Paragraph "32e" of the Complaint.

33.    Defendants DENY the truth of the allegations contained in Paragraph "33" of the Complaint.

## THIRD CAUSE OF ACTION

## FALSE ARREST

34-42. Pursuant to the Court's Memorandum Decision and Order, *see* Dkt. No. 34, Plaintiff's False Arrest Claim was dismissed. Therefore Defendants need not answer the allegations contained in Paragraphs "34"-"42" of the Complaint.

## FOURTH CAUSE OF ACTION

## FALSE IMPRISONMENT

43-46. Pursuant to the Court's Memorandum Decision and Order, *see* Dkt. No. 34, Plaintiff's False Imprisonment Claim was dismissed. Therefore Defendants need not answer the allegations contained in Paragraphs "43"-"46" of the Complaint.

## FIFTH CAUSE OF ACTION

## ASSAULT AND BATTERY

47-48. Pursuant to the Court's Memorandum Decision and Order, *see* Dkt. No. 34, Plaintiff's Assault and Battery Claim was dismissed. Therefore Defendants need not answer the allegations contained in Paragraphs "47"-"48" of the Complaint.

## SIXTH CAUSE OF ACTION

### STATE LAW FALSE IMPRISONMENT

49-51. Pursuant to the Court's Memorandum Decision and Order, *see* Dkt. No. 34, Plaintiff's False Imprisonment Claim was dismissed. Therefore Defendants need not answer the allegations contained in Paragraphs "49"-"51" of the Complaint.

## SEVENTH CAUSE OF ACTION

### STATE LAW ASSAULT

52-53. Pursuant to the Court's Memorandum Decision and Order, *see* Dkt. No. 34, Plaintiff's False Imprisonment Claim was dismissed. Therefore Defendants need not answer the allegations contained in Paragraphs "52"-"53" of the Complaint.

### DECLARATORY JUDGMENT

54. Paragraph "54" of the Complaint contains a prayer for relief to which no response is required; however, to the extent factual allegations are raised, Defendants DENY the truth of the allegations contained in Paragraph "54" of the Complaint.

55. Paragraph "55" of the Complaint contains a prayer for relief to which no response is required; however, to the extent factual allegations are raised, Defendants DENY the truth of the allegations contained in Paragraph "55" of the Complaint.

56. Paragraph "56" of the Complaint contains a prayer for relief to which no response is required; however, to the extent factual allegations are raised, Defendants DENY the truth of the allegations contained in Paragraph "56" of the Complaint.

**PUNITIVE DAMAGES**

57.     Paragraph "57" of the Complaint contains a prayer for relief to which no response is required; however, to the extent factual allegations are raised, Defendants DENY the truth of the allegations contained in Paragraph "57" of the Complaint.

58.     Paragraph "58" of the Complaint contains a prayer for relief to which no response is required; however, to the extent factual allegations are raised, Defendants DENY the truth of the allegations contained in Paragraph "58" of the Complaint.

**DAMAGES**

59.     Paragraph "59" of the Complaint contains a prayer for relief to which no response is required; however, to the extent factual allegations are raised, Defendants DENY the truth of the allegations contained in Paragraph "59" of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims fail in whole or in part for failure to adequately state a viable cause of action.

**SECOND AFFIRMATIVE DEFENSE**

All claims for damages against Officer Smith and Chief Fowler individually are barred under the doctrine of qualified immunity and/or governmental immunity.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims of excessive force are barred for failure to plead or establish non-*de minimus* injuries that are objectively sufficiently serious or harmful enough to be actionable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Officer Smith at all times acted reasonably and with a good faith belief that his actions were lawful and not in violation of any federal or state constitutional right.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the actions of Officer Smith, including any use of force, were, at all times, justified, necessary, reasonable, proportional, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel and res judicata based on the outcome of the criminal charges lodged against him concerning the incident at issue in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, without legal right, obstructed governmental administration, resisted lawful arrest, and was harassing Officer Smith, and thus Plaintiff is responsible for all injuries caused by that resistance.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the City fail because the principle of *respondeat superior* is inapplicable to actions brought under 42 U.S.C. § 1983, and any allegedly improper actions of individual Defendants cannot be attributed to the City under that theory.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the individual Defendants in their official capacity are improper and duplicative because claims against a government employee in his official capacity are treated as a claim against the municipality itself.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by application of the *Heck* doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

No municipal liability is viable, where no individual violation of § 42 U.S.C. § 1983 can otherwise be established.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part for lack of personal involvement.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead such additional affirmative defenses as become apparent based on the factual development of the Action.

## FOURTEENTH AFFIRMATIVE DEFENSE

All or some of Plaintiff's claims are barred by the application of the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive or exemplary damages within his Complaint against the City of Syracuse, such claims should be dismissed, as the City is immune from such liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants do not, and have never, developed or maintained a policy or custom that exhibited deliberate indifference to the constitutional rights of persons in the City of Syracuse.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction to enter declaratory relief that "Mr. Crawley is innocent" of criminal charges or that Defendant Smith committed Class A misdemeanors.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue declaratory relief regarding criminal charges against one of the individual defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's second cause of action under *Monell* is improperly brought against Defendant Fowler as it may only be maintained against a municipality.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's Complaint, in its entirety, together with such other and further relief as the Court deems just and proper.

DATED:  August 23, 2018                                Respectfully submitted,

By:   *s/John G. Powers*
John G. Powers, Esq.
(Bar Roll No. 508934)
Paul J. Tuck, Esq.
(Bar Roll No. 520814)
HANCOCK ESTABROOK, LLP
100 Madison Street, Suite 1500
Syracuse, New York 13202

{H3407669.1}

 (315) 565-4500 (Office)
 (315) 565-4700 (Facsimile)
jpowers@hancocklaw.com

Erica Clarke., Esq.
(Bar Roll No. 520635)
ASSISTANT CORPORATION COUNSEL
OF THE CITY OF SYRACUSE
300 City Hall
Syracuse, New York 13202

*Counsel for Defendants*

{H3407669.1}

# **CERTIFICATE OF SERVICE**

      I hereby certify that, on August 23, 2018, I caused the foregoing, together with all supporting papers, to be electronically filed with the Clerk of the District Court, Northern District of New York using the CM/ECF system, which sent automatic notification of such filing to all counsel of record including:

      Jesse P. Rider, Esq.
      Charles A. Bonner, Esq.
      A. Cabral Bonner, Esq.

                                            *s/Paul J. Tuck*
Dated:  August 23, 2018                           Paul J. Tuck, Esq.

{H3407669.1}